IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Vernon Samuel Brown, #303575, | ) CIVIL ACTION NO. 9:09-0068-GRA-BM |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Timothy Harrison and | ) |
| Joseph Williams, Corrections Officer, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections, alleges violations of his constitutional rights by the named Defendants.

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on October 16, 2009. As the Plaintiff is proceeding pro se, a Roseboro Order was entered by the Court on October 20, 2009, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. The Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. Plaintiff thereafter filed material in opposition to the Defendants' motion on October 26, 2009 and October 30, 2009.

The Defendants' motion is now before the Court for disposition.[1]

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion for summary judgment motion. Therefore, this Report and Recommendation is entered for review by the Court.



## Background and Evidence

Plaintiff alleges in his verified complaint,[2] that on September 29, 2008, he was being escorted to his room by the Defendants Timothy Harrison and Joseph Williams, both correctional officers. Plaintiff alleges that when they arrived at his room, Harrison grabbed him from behind and threw him on the floor, even though his hands were handcuffed behind his back. Plaintiff alleges that Williams then punched him in the mouth, causing his mouth to bleed. Plaintiff further alleges that he is an asthmatic, and that he asked the Defendants to call the nurse because he was having trouble breathing, but the Defendants refused to do so and cursed at him. Plaintiff seeks monetary damages.

Plaintiff has attached to his complaint a copy of a grievance he filed concerning this matter, as well as an unsworn statement from another inmate (Matthew Ward), who states that he saw the Defendants slam their knees into Plaintiff's head. <u>See generally</u>, <u>Plaintiff's Verified Complaint</u>, with attached exhibits. On September 9, 2009, Plaintiff submitted some additional exhibits to the Court, consisting of copies of his grievance, with responses,[3] and some medical forms indicating that he suffers from asthma.

---

[2]In this Circuit, verified complaints by <u>pro se</u> prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. <u>Williams v. Griffin</u>, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.

[3]Defendants represent to the Court, and Plaintiff's own exhibits seem to confirm, that he filed this lawsuit prior to exhausting his administrative remedies with respect to the grievance he had filed, which would ordinarily entitle the Defendants to dismissal of this case. <u>Cf.</u> <u>Cannon v. Washington</u>, 418 F.3d 714, 719 (7th Cir. 2005) [Prisoner may not file a lawsuit before exhausting his administrative remedies, even if he exhausts those remedies while the litigation is pending.]; <u>Freeman v. Francis</u>, 196 F.3d 641, 645 (6th Cir. 1999)[Prisoner "may not exhaust administrative remedies during the pendency of the federal suit."]. However, even though the Defendants have pled failure to exhaust administrative remedies as an affirmative defense in their answer, they have not moved for summary judgment on that ground.



In support of summary judgment in the case, the Defendant Joseph Williams has submitted an affidavit wherein he attests that he graduated from, and is certified by, the SCDC Training Academy as a corrections officer, and that he is employed by the Department of Corrections as a correctional officer at the Kirkland Correctional Institution, where Plaintiff was housed during the time period relevant to the allegations of his complaint. Williams attests that Plaintiff was assigned to D Building in the SMU, and that on September 29, 2008, which was a shower day, Plaintiff was taken to the shower. Williams attests that SCDC procedures allow only one inmate at a time out of a cell to move to the shower, and that he was assigned to escort the Plaintiff, who was secured in handcuffs, back to his cell after his shower. Williams attests that, at first, Plaintiff headed toward his cell without any problem, but that along the way he started "talking back" and arguing with Williams. Williams attests that he placed one hand on the Plaintiff's cuffs and the other on his shoulder, as he was trained, in order to maintain control and to guide Plaintiff as he walked. Williams attests that when Plaintiff continued to be uncooperative and argue, his [Williams'] supervisor and backup, the Defendant Harrison (a Sergeant), came to assist him. Williams attests that as soon as Harrison arrived, Plaintiff became cooperative again and moved in the direction of his cell, and that he and Harrison then escorted Plaintiff back to his cell without incident. Williams attests that at no time was there a fight, a punch, or any inappropriate physical contact between he and the Plaintiff, and that once Plaintiff was inside his cell, he locked the door and directed Plaintiff to turn around so that he could remove the handcuffs, and Plaintiff complied. No injuries were suffered. See generally, Williams Affidavit.

The Defendant Harrison has also submitted an affidavit wherein he attests that he is an SCDC training academy certified correctional officer, and is employed as a Sergeant at the

3



Kirkland Correctional Institution. Harrison attests that on September 29, 2008, the Defendant Williams was assigned to move inmates to and from the shower, and that he [Harrison] saw that as Williams was escorting Plaintiff, the Plaintiff became uncooperative and began to talk back and argue with Williams. Harrison attests that, recognizing that a problem might be developing, and knowing that Williams was fairly new to the job, he immediately went to Williams' assistance. Harrison attests that as soon as he arrived, Plaintiff became cooperative and began to move toward his cell. Harrison stayed with Williams as they escorted Plaintiff back to his cell, at which time Plaintiff was placed in his cell without further incident. Once inside, Williams locked the door and Plaintiff allowed the removal of his handcuffs. Harrison attests that at no time was there any fight, a punch, or any other inappropriate physical contact between the Plaintiff and Williams, nor between he and the Plaintiff, and that there were no injuries suffered. <u>See generally</u>, <u>Harrison Affidavit</u>.

The Defendants have also submitted an affidavit from Brenda Dash-Frazier, who attests that she is the medical records custodian for the Department of Corrections. Dash-Frazier attests that she has reviewed Plaintiff's medical file, and has attached a true and complete copy of Plaintiff's medical records covering the relevant time period to her affidavit. These medical records reflect that Plaintiff was seen regularly in the medical clinic prior to September 29, 2008 for various medical complaints. Plaintiff's medical records also consistently reflect reports of "explosive behavior and anger for no reason" by the Plaintiff on a "daily basis", with Plaintiff generally being described as angry, testy, disrespectful, belligerent, upset, hostile, using profanity, and even being found to be in possession of a razor on several occasions. Plaintiff's sick call records show that he was seen on September 29, 2008, complaining that his eyes hurt and that he had had a headache for four days. Plaintiff was diagnosed with a tension headache and given some medication. There is no

4



notation concerning any assault on that date, or of Plaintiff having any injuries, nor do Plaintiff's medical records after that point reflect any complaints of an assault or of Plaintiff having suffered any injuries as a result of any assault, even though he was regularly seen by medical staff in the days and weeks following the alleged incident. <u>See</u> <u>generally</u>, <u>Dash-Frazier's Affidavit</u>, and attached medical records.

### Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a <u>pro</u> <u>se</u> litigant to allow the development of a potentially meritorious case, <u>see</u> <u>Cruz v. Beto</u>, 405 U.S. 319 (1972); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. <u>Weller v. Dep't of Social Services</u>, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the evidence and arguments submitted, the undersigned finds and concludes that the Defendants are entitled to summary judgment in this case.

When reviewing allegations of excessive force, the Court must consider 1) the need for the application of force, 2) the relationship between the need and the amount of force that was used, 3)



the threat to the staff and inmates as reasonably perceived by the prison officials on the basis of the facts known to them, 4) the efforts made to temper the severity of a forceful response, and 5) the extent of the injuries suffered by the prisoner. <u>Whitley v. Albers</u>, 475 U.S. 312, 321 (1986). <u>See</u> <u>Hudson v. McMillian</u>, 503 U.S. 1, 7 (1992) [the core judicial inquiry is whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm]; <u>see also</u> <u>United States v. Cobb</u>, 905 F.2d 784 (4thCir. 1990), <u>cert</u>. <u>denied</u>, 498 U.S. 1049 (1991); <u>Taylor v. McDuffie</u>, 155 F.3d 479 (4th Cir. 1998); <u>Norman v. Taylor</u>, 25 F.3d 1259, 1263 (4th Cir. 1994); <u>Fuentes v. Wagner</u>, 206 F.3d 335,342 (3d Cir. 2000); <u>Wilson v. Williams</u>, 83 F.3d 870, 873 (7th Cir. 1996) [applied to pretrial detainee]; <u>Thomas v. Sawyer</u>, No. 97-2475, 1999 WL 155704 at *3 (N.D.Tex. Mar. 11, 1999); <u>Moore v. Martinez County Jail</u>, No. 98-731, 1998 WL 602113 at *2 (N.D.Cal. Sept. 4, 1998). Plaintiff's claim fails when considered under this standard.

Considered in the light most favorable to the Plaintiff, the evidence[4] shows that when Plaintiff was returned to his cell after taking a shower, and while he was still handcuffed, the Defendant Harrison threw him on the floor while the Defendant Williams then punched him in the mouth. Even assuming for purposes of summary judgment that this conduct occurred, and that it was unjustified (all of which is denied by the Defendants in sworn affidavits), Plaintiff has presented no evidence (other than the general and conclusory allegations of his complaint) that any force used was excessive for purposes of a *constitutional* claim. In order to maintain a constitutional claim, Plaintiff must show not only that a Defendant acted with a "sufficiently culpable state of mind", but also that

---

[4]Since the statement (attached to Plaintiff's complaint) from Matthew Ward is unsworn, it is not competent evidence, and has not been considered by the Court in issuing this opinion. <u>Okoye v. University of Texas Houston Health</u>, 245 F.3d 507, 515 (5th Cir. 2001)[Unsworn statement "is not competent summary judgment evidence because it does not comply with the requirements of Federal Rule of Civil Procedure 56(c)."]



the conduct alleged was "objectively significantly serious". <u>Shakka v. Smith</u>, 71 F.3d 162, 166 (4th Cir. 1995). Plaintiff's medical records fail to show any significant injury, or indeed any injury at all, suffered as a result of the altercation claimed by the Plaintiff. <u>See</u> <u>Strickler v. Waters</u>, 989 F.2d 1375, 1380-1381n. 9 (4th Cir. 1993) [the mere incantation of physical and mental injury is inadequate to survive a motion for summary judgment]; <u>see</u> <u>also</u> <u>House v. New Castle County</u>, 824 F.Supp. 477, 485 (D.Md. 1993)[Plaintiff's conclusory allegations insufficient to maintain claim]. Plaintiff's general claim of injury (a bloody mouth), without any supporting evidence such as medical records or similar documentation to demonstrate the seriousness of this injury, and particularly in light of the fact that the Defendants have submitted medical records showing Plaintiff suffered and/or complained of no injury on or around the time set forth in the complaint, is not sufficient to save his claim. <u>See</u> <u>Thaddeus-X v. Wodniak</u>, No.99-1720, 2000 WL 712383 at **3 (6th Cir. May 23, 2000)[Plaintiff must show he suffered more than de minimis injury]; <u>see also</u> <u>Harper v. Showers</u>, 174 F.3d 716, 719 (5th Cir. 1999)[Without proof of more than de minimis physical injury, Plaintiff cannot maintain his claim]; <u>cf</u>. <u>Zehner v.Trigg</u>, 952 F.Supp. 1318, 1323-1324 (S.D.Ind. 1997); <u>Siglar v. Hightower</u>, 112 F.3d 191, 193-194 (5th Cir. 1997)[claim based on sore and bruised ear lasting for three days was de minimis, and thus, Plaintiff failed to raise valid Eight amendment claim for excessive use of force nor did he have requisite "physical injury" to support claim for emotional or mental suffering.].

   In making the finding set forth hereinabove, the undersigned does not intend to minimize Plaintiff's complaint that the Defendants should not have engaged in the conduct alleged (again assuming for purposes of summary judgment that the alleged conduct actually occurred). However, based on the evidence presented, no *constitutional* violation has been shown. <u>Johnson v.</u>



Glick, 481 F.2d 1028, 1033 (2d Cir. 1973) ["not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights"]. Hence, while Plaintiff may have some state law claim with regard to the conduct of the Defendants, or some further administrative remedy he may pursue, the undersigned does not find that Plaintiff has submitted sufficient evidence to show a genuine issue of fact as to whether the force used in this case violated his constitutional rights. See DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 200-203 (1989) [§ 1983 does not impose liability for violations of duties of care arising under state law]; Baker v. McClellan, 443 U.S. 137, 146 (1976) [§ 1983 claim does not lie for violation of state law duty of care]; see Paul v. Davis, 424 U.S. 693, 701 (1976) [not every claim which may set forth a cause of action under a state tort law is sufficient to set forth a claim for a violation of a constitutional right]; *cf.* Bell v. Wolfish, 441 U.S. 520, 540 (1979) ["[N]ot every malevolent touch by a prison guard gives rise to a federal cause of action"].

Therefore, Plaintiff's claim under § 1983 for excessive use of force should be dismissed.

### Conclusion

Based on the foregoing, it is recommended that the Defendants' motion for summary judgment be **granted**, and that this case be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

February 22, 2010
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29401

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

